# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHARON WU,

    Plaintiff(s),

v.

ALLSTATE INSURANCE,

    Defendant(s).

Case No.: 2:19-cv-01780-KJD-NJK

**Order**

[Docket No. 24]

The governing rules provide an easy road map for litigants, <u>especially attorneys</u>, to file a proper discovery plan. *See* Local Rule 26-1. When the Court has expended judicial resources issuing an order with further guidance on the subject, there should be no reasonable possibility for litigants to continue to run afoul of the governing rules.

On January 21, 2020, the Court denied the parties' first proposed discovery plan. Docket No. 22; *see also* Docket No. 21 (discovery plan).[1] The Court explained that the discovery plan was faulty in that it improperly calculated the proposed deadlines and sought an extended discovery period without sufficient explanation. Docket No. 22 at 1. The Court explained that, *inter alia*, "[t]he local rules are crystal clear that the discovery period is measured from the date of

---

[1] This was not the first order on the subject. On January 3, 2020, the Court noted that the deadline for filing a discovery plan had lapsed and ordered the parties to file either a discovery plan or a status report. Docket No. 17. On January 10, 2020, the Court issued another order rejecting the legally faulty premised advanced by the parties that a discovery plan cannot be filed when a motion to dismiss is pending. Docket No. 19.

1

a defendant's first appearance. Local Rule 26-1(b)(1)." Docket No. 22 at 1 n.1. The Court also explained that the discovery plan lacked the certifications required by the local rules. *Id.* (citing Local Rules 26-1(b)(7), (8), and (9)).

Now pending before the Court is the parties' amended discovery plan. Docket No. 24. Inexplicably, the amended discovery plan again seeks an extended discovery period by improperly calculating deadlines from the Rule 26(f) conference and provides no reason for the implicit request to depart from the default schedule. *See id.* at 2. Also inexplicably, the amended discovery plan again omits the certifications specifically identified for the parties in the previous order. *See* Local Rules 26-1(b)(7), (8), and (9). Accordingly, the amended discovery plan is **DENIED**.

The need for issuing four orders regarding the formulation and filing of a discovery plan makes plain that the parties, <u>particularly counsel</u>, are not prepared to advance this case within the confines of the governing rules. Accordingly, attorney Bryce B. Buckwalter and Plaintiff must read the local rules in their entirety.[2] Mr. Buckwalter and Plaintiff must file declarations attesting that the local rules have been read by February 13, 2020.

In addition, a proposed discovery plan that complies with the local rules must be filed by February 13, 2020. Specifically, the deadlines must be measured from Defendant's first appearance. To the extent more than 180 days of discovery is requested as measured from that date, explanation must be provided to justify an extended discovery period. Moreover, the certifications required by the local rules must be included.[3] **FAILURE TO COMPLY WITH THE LOCAL RULES MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

Dated: January 30, 2020

                                                              Nancy J. Koppe
                                                              United States Magistrate Judge

---

[2] The local rules as most recently amended in 2017 are available on the Court's website at https://www.nvd.uscourts.gov/wp-content/uploads/2017/09/Local-Rules-of-Practice.pdf.

[3] The additional discovery plan must also provide a caption that complies with Local Rule IA 10-2.